UNION BANK
*v.*
GUICE.

## ELLS et al. *v.* SIMS et al.

To entitle a vendor of lands to a privilege against third persons, not proved to have had actual notice, the act of sale must be registered in the book of mortgages kept by the parish judge. A mere extract from the act of sale, not designating the property sold, nor even its nature, whether lands, slaves or moveables, is insufficient; nor can such an imperfect registry be aided by the fact that, the notarial sale was recorded in the book of conveyances kept by the parish judge. C. C. 3238, 3241, 3349, 3350, 3351, 3353, 3356.

A conventional mortgage may be executed by an act under private signature. C. C. 3257, 3331.

Where a promissory note recites that it was executed for a sum due for work done by the payee on lands therein described belonging to the maker, and that the latter consents that the former shall have "a privilege and mortgage for securing the payment of said sum," the written acceptance of the mortgagee, subscribed to the instrument, is unnecessary. *Per Curiam:* The acceptance of the note by the payee was an acceptance of the mortgage which it stipulated, and, by the delivery of the note, the entire contract became complete between the debtor and creditor.

It is not necessary, under art. 3331 of the Civil Code, that it should appear affirmatively upon the registry of mortgages, or be proved *aliunde*, that a private writing, presented to the register of mortgages for record, was presented by the creditor himself.

Where lands subjected to mortgage are described as situated on a particular river, in a certain parish, mentioning the names of the proprietors of the adjoining lands, it is a sufficient statement of the nature and situation of the property. The omission to state the township, range and section, and the quantity of acres in the tract, is not material.

The object of the registry of mortgages is to give public notice, with reasonable certainty; and a distinction may fairly be made, in the description of the thing mortgaged, between urban and rural estates, and greater minuteness and accuracy of detail be properly required in the former than in the latter case.

APPEAL from the District Court of Concordia, *Curry*, J. The facts of this case are fully stated in the opinion of the court *infrâ.*

*Rowley, Frost* and *Sanders*, for the appellants.

*Stacy* and *Sparrow*, for the defendants. 1st. The mortgage of plaintiffs is void for uncertainty, because the notes do not state *precisely* the nature and situation of the lands intended to be mortgaged, mentioning neither the quantity,

township, range nor section. Civil Code, arts. 3273, 3275. Neither do they state in favor of *whom* the mortgage was executed, except by inference. Civil Code, art. 3357. Neither does it appear, except by inference, that it was intended that the mortgage should be upon the land on which the work was done.

2d. The mere execution of notes, with a stipulation in them of a right of mortgage. is not sufficient to give one. There should be a formal act of mortgage executed by the debtor, and accepted by the mortgagee. Civil Code, arts. 3257, 3272. The register of mortgages had no authority to record these notes on his register as mortgages, as they were not signed by *both parties.* Civil Code, art. 3331.

3d. The act containing the vendors privilege from *Sims & Brown* to the *Preslers,* was sufficiently recorded to give notice to the world. In the index to the mortgage book was the following reference : "*Sims & Brown* to *Amelia Presler,* mortgage clause, page 158," and the clause referred to was recorded on that page of the mortgage record. This was enough to have put any person upon inquiry, which would have led to the necessary information.

4th. The plaintiffs cannot avail themselves of the want of recording the act of sale from the *Preslers* to *Sims & Brown,* in which the vendor's privilege was retained for the price, because : 1st, as *between the parties,* there can be no doubt that privilege existed ; 2d, at the time the notes were executed, or previous thereto, plaintiffs had never applied to the parish judge to ascertain by his certificate what privileges or mortgages existed on the property ; and 3d, had such application been made, the same certificate would have been given, as that furnished by him to the sheriff, and read at the sheriff's sale. They would then have had *actual knowledge* of the fact, which is equivalent to registry. *Planter's Bank of Georgia* v. *Allard,* 8 Mart. N. S. p. 140. *Bell* v. *How et al,* Ibid. 246. They were bound to obtain this certificate before receiving their mortgage, (Civil Code, art. 3328,) and, not having done so, they relied *alone* on the *good faith* of the mortgagor, and their only remedy is an action against him for damages. Civil Code, art. 3329. The maxim of *caveat emptor,* applies. *Sims* could only invest them with such rights as he held at the time ; they failed to take the legal means to ascertain *what* those rights were; and they received the mortgage, subject to all the previous encumbrances upon the property, as against him, in the same manner as if they had purchased from him a quit claim to the property ; and *qui non habit, ad alium non transferre potest.*

The judgment of the court was pronounced by

SLIDELL, J. The heirs of *Presler,* defendants in this case, sold a tract of land to *Sims & Brown,* for the sum of $16,000, for which notes were taken. In the notarial act of sale no mortgage was stipulated, but the plaintiffs claim the legal privilege of the vendor. This act was duly recorded as a sale in the office of the parish judge, in the notarial book of conveyance kept by him ; but the only registry named in the mortgage books then kept, consists in the following entries. In the index of this mortgage book was the following :

"*Sims & Brown* to *Amelia Presler,* mortgage clause, page 158."

In the body of the mortgage book, at the corresponding page, was made an entry in the following words :

"*Sims & Brown* to *Amelia Presler et al.,* who declared and said that, for the consideration of $16,000, to them secured to be paid by the three joint and several promissory notes of *John C. Sims* and *Joseph Brown,* the former of the said parish and State, and the latter residing in Wilkinson county, State aforesaid, the said three notes payable to the order of the said *Amelia Presler* and the said children of *Simon Presler,* deceased ; the first for the sum of five thousand three hundred and thirty-three dollars and thirty-three and one third cents, of even date herewith, and payable on the first day of August, 1841 ; the second for the same amount and of the same date, and payable on the first day of August, 1842 ; and the third and last of said notes for the same sum ($5,333 33⅓), and of the date aforesaid, payable on the first day of August, 1843 ; the

said notes are made payable at the Merchants Bank, New Orleans, and are by me, the notary, *paraphed ne varietur*, in order to identify them with this act.

"Recorded, 12 Feb'y., 1841.

"Attest,      JAMES DUNLAP,

"Parish Judge."

It is shown that a book exclusively for the record of mortgages was first opened in the parish judge's office, in the year 1837. *Sims* became the purchaser of *Brown's* moiety of the lands, at a probate sale of *Brown's* succession, in the year, 1841. In April, 1843, *Sims* executed in favor of *Ells*, *Manger*, *McGloffin* and *Sutherland*, respectively, his notes at one day's date, for $724 22, 731 72, $892 21, and $723 39. A statement of one will exhibit the character of the residue. That in favor of *Sims* is in these words :

"$724 22. State of Louisiana. Parish of Concordia. April 18th, 1843. One day after date, I promise to pay to *E. Ells*, or order, $724 22, being for work done on my land, situate on the Mississippi river, in said parish of Concordia, bounded by lands of *E. P. King* above and below, and back by lands of the United States, which land is improved by said levée. I hereby acknowledge, agree and consent, that the said has a privilege and mortgage, for the securing the payment of said sum of money.        JOHN C. SIMS."

Each of the notes was registered in full on the mortgage book in the parish of Concordia, in July, 1843, the parish judge having known and recognized the signature of the maker. The defendants *Presler*, subsequently seized the moiety of the land originally purchased by *Sims*, upon proceedings instituted upon the notes given for the price. On the day of the sale, the plaintiffs' gave warning of their mortgage rights, of the invalidity of the *Presler* mortgage, and of their intention to bring suit. Under this notice, the defendants *Presler*, purchased at the judicial sale, for the sum of $100.

We will first consider the objections raised by the plaintiffs to the vendor's privilege, asserted by the defendants.

For the validity of the *Presler* claim of privilege as against the plaintiffs, against whom actual notice is not proved, it was necessary that it should be registered in the mortgage book kept by the parish judge. The registry as there made was a mere extract from the act of sale, not designating in any manner the property sold, and from which not even the nature of the property, whether land, slaves, or moveables, could be ascertained. It was clearly insufficient, and is not aided by the fact that the notarial sale was recorded in the book of conveyances. See Civil Code, arts. 3349, 3350, 3351, 3353, 3356, 3238, 3241; and also the case *Falconer*, 4 Robinson, p. 5.

It is in vain to argue from the testimony of the parish judge, who states that, if the plaintiffs had applied to him for a certificate before they contracted with *Sims*, he would have certified the mortgage or privilege as existing on the land in favor of the vendors. The plaintiffs were not bound to obtain a previous certificate ; and although, if they had chosen to contract by notarial act, it would have been the duty of the notary to obtain a certificate, still the law permitted them to contract with *Sims* by an act under private signature. Civil Code, art. 3331.

It is contended by the appellees that the plaintiffs should have obtained a formal act of mortgage, and that the notes above recited do not constitute a contract of mortgage. A conventional mortgage is a contract by which a person binds the whole of his property, or a portion of it only, in favor of another, to secure

ELLS
v.
SIMS.

the execution of some engagement, but without divesting himself of the possession. And such a contract may be made under private signature. Civil Code, arts. 3257, 3331. The formal written acceptance of the mortgagee subscribed to this instrument, was not necessary. The acceptance of the note by the payee was an acceptance of the mortgage which it stipulated, and by the delivery of the note the entire contract became complete between the debtor and the creditor.

We do not consider it necessary, under article 3331, that it shall appear affirmatively upon the registry, or be proved *aliunde*, that the creditor himself presented the private writing to the register.

It is said that the property is not sufficiently described; that the quantity, range, township and section, should have been stated. The land is described as situate on the Mississippi river, in the parish of Concordia; boundaries are stated, and the expression " my land," especially in the absence of any evidence showing the ownership of other land by *Sims*, is fairly comprehensive of the entire tract. The object of registration is public notice, with reasonable certainty. A distinction may be fairly made between urban and rural estates, and greater minuteness and accuracy of detail might properly be required in the former than in the latter case. The question is whether, under the circumstances, any one contracting with *Sims*, or in any wise trusting him, or interested as a creditor, would have been misled or kept in the dark by the omission to state the township, range and section, and the quantity of acres in *Sims'* tract. We think not; and are of opinion that in this case there has been a fair compliance with the requisition of law, that the mortgage and its registry shall "state precisely the nature and situation" of the property.

Upon the whole, we are of opinion that the mortgage of the plaintiffs should be enforced, and that the vendors' privilege is ineffective against them; nor does this case present the hardship which sometimes results from the inattention of parties and of public officers, as the labor of the plaintiffs has been devoted to the improvement of the defendants' land.

It is therefore decreed that the judgment of the court below, so far as it rejected the rights of mortgage claimed by the plaintiffs, be reversed; and it is further decreed that the said plaintiffs are, and they are hereby, recognized as creditors, concurrently between themselves, by first mortgage upon the property in the petition described, for the sums following, to wit: the said *Edward Ells*, for the sum of $630 50; the said *Daniel Manger*, for the sum of $731 72; the said *William McGloffin*, for the sum of $692 21; and the said *John Sutherland*, for the sum of 723 39; with interest on said sums respectively from judicial demand, till paid; and that the said property be sold to pay concurrently, and by first privilege, said sums due to said plaintiffs, interest as aforesaid, one half of the costs heretofore incurred in the court below, also the costs of sale in execution of this decree, and the costs of this appeal.