LAFOURCHE
*v.*
ROSSI.

---

## PAULIN BLANQUE et al. *v.* FRAME A. WOODS.

The endorsement of the payee must be considered a² proved when the note is offered in evidence, without objection, as the endorsement then constitutes a part of the instrument declared upon.

APPEAL from the District Court, Sixth District, *Robertson*, J. *T. G. & P. H. Morgan*, for plaintiffs. *J. M. & J. E. Elam*, for defendant and appellant.

SPOFFORD, J. This cause comes before us upon an assignment of errors by defendant.

The first error assigned is, that the plaintiffs neglected to prove the endorsement of the payee under whom they held the promissory note sued on.

By the answer, it does not appear that the genuineness of the endorsement was denied; there was no general denial, and only a special denial as to the account sued on. But if there had been an issue on the point, under the ruling of a majority of this court in the recent case of *Maxwell & Co. v. Kennedy & Co.*, the signature of the endorser must be considered as proved; for the note was offered in evidence without objection on the part of the defendant's counsel, and the endorsement then constituted a part of the instrument as declared upon.

The next error assigned is, that there is no proof that the defendant occupied the Conti Street Veranda during the months of January, February and part of March, 1853.

There was no need of such proof: it mattered not whether the defendant occupied the premises or not, for by the acts offered in evidence he had expressly assumed to pay the rent as charged.

The last assignment of error is, that the plaintiffs are not alleged and shown to be heirs of *Mrs. Delphine McCarty*, wife of *Louis Lalourie*, and, as such, were represented by *Thomas Bailey Blanchard & Co.* These allegations were substantially involved in the allegations of the petition taken in connection with the documents annexed, and, not having been denied by the answer, must be considered as admitted.

Judgment affirmed, with costs.