EDWARD BARNETT et al., Executors, *v.* C. E. CATE & Co.

Where there is a special allegation of a tacit reconduction of a lease in the petition, and it is not traversed, it will be taken as true.

APPEAL from the Sixth District Court of New Orleans, *Leaumont, J.* C. *Roselius,* for plaintiffs. *W. H. Hunt,* for defendants.

ILSLEY, J. This is an action on a contract of lease; and thereupon the plaintiffs claim from the defendants the sum of three hundred and twenty dollars, exclusive of interest and costs. The said sum is represent-,ed by two promissory notes, or part of a series of twelve notes, each for ,one hundred and sixty dollars, being the annual rent.of certain property described in the petition, from the 1st day of November, 1861, to the 1st day of November, 1862, each note representing the rent of the premises for one calendar month; the notes sued on maturing respectively on the 1st day of October and the 1st day of November, 1862.

The plaintiffs further represent that the said defendants still remained in possession of the leased premises, and that the said lease, by a tacit reconduction, has been renewed from month to month, and they ask for judgment for the said sum of three hundred and twenty dollars, with eight per cent. interest thereon on one-half thereof, from 1st October,

1862, and for the remaining half from 1st November, 1862; and they also pray for judgment for such other sum as may have fallen due for rent up to the time when such judgment is rendered, with the lessor's lien and privilege, and for a provisional seizure.

The defendants admit in their answer that they entered into the contract of lease, and that they executed the notes sued on; but they aver that they are entitled to a diminution of rent to the extent of two-thirds of the amount originally stipulated to be paid by them, and that they are justly liable to pay only one-third of the sum the said notes called for, from the 1st day of May, 1862, up to the period of the termination of the said lease. They aver that the said diminution is due in consequence of the interruption they have sustained in the occupancy and enjoyment of the premises leased, and in the prosecution of their business, by reason of the capture and possession of the city by the forces of the United States Government, and the changes in the population and trade of the city; and it is only in accordance with the usage universally adopted in this city, with regard to leased property, and in conformity with law and equity, and they pray for relief accordingly.

This case, with two other similar cases, were submitted to a jury, which was to render a separate verdict in each case, and the said jury rendered its verdict as follows :

" We, the jurors, agree that, by diminution of one-third, the sum of two hundred and thirteen dollars and thirty-five cents be paid by the defendant, with interest on it."

The Court, having set aside the verdict and granted a new trial, after hearing pleadings, evidence and counsel, rendered judgment in favor of the plaintiffs and against the defendants, for one hundred and sixty dollars, with interest at the rate of eight per cent. on eighty dollars, respectively, from the first day of October and November, 1862, until paid ; and for the further sum of two thousand and eighty dollars, with eight per cent. interest on each sum of eighty dollars from the first day of September, 1862, and from the first day of each month from January to December, 1863, and from January to December, 1864, and from the first January, 1865, all until paid, and costs of suit ; and the said defendants to be entitled to a credit of whatever sums they may have paid to the United States military or other authorities, upon their exhibiting the proper vouchers.

There is no evidence in the record to show that the defendants retained the possession of the leased premises, after the expiration of the lease which is exhibited ; but, as it is specially alleged in the petition that the lease declared on, had, by a tacit reconduction, been renewed from month to month, and this allegation is not traversed by the answer, it must be deemed true.

The Court below (on what proof we know not) reduced the plaintiffs' claim by one-half; but, as the plaintiffs do not complain of this, we cannot perceive on what legal or equitable grounds the defendants

should, the more particularly, as they may deduct from the amount of the judment whatever sum they may have paid to the United States military or other authorities, upon their (the defendants) exhibiting the proper vouchers.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be, and the same is hereby affirmed, the costs of appeal to be paid by appellant.