## No. 110.—PINCKARD, STEELE & Co. v. WM. HAMPTON.

This is an action to recover on an obligation under private signature, viz: a draft. The defendant, in his answer, did not acknowledge, expressly, his signature, but contended that it was a forgery. Held—That, under this averment in the answer, the inquiry must be limited to the genuineness of the signature. C. P. 324.

The evidence of one witness "that he was present when the draft was given," with that of another "that he is very familiar with the signature of the defendant, and believes his signature to the draft sued upon to be genuine," corroborated by circumstantial evidence given by two other witnesses, is sufficient to establish the signature over the averment of the defendant that it is a forgery. C. P. 325.

APPEAL from the Fourteenth District Court, parish of Richland. Crawford, J. Isaac H. Crawford and A. L. Slack, for plaintiffs and appellees. Morrison & Farmer and H. P. Wells, for defendant and appellant.

LUDELING, C. J. This is a suit against the drawer of a draft for $634 15, payable to the order of plaintiffs.

The answer contained a general denial, a denial of any consideration, and an averment that "the signature to the draft looks like his genuine signature, but that he believes it to be a forgery."

The answer further contains interrogatories on facts and articles to all the plaintiffs, to substantiate his defense.

Subsequently, defendant filed the plea of prescription of five years.

Pleadings are intended to aid in the investigation of truths, in the administration of justice; and courts of justice will not listen with favor to pleadings which have a contrary object, or which tend to mislead or deceive.

Article 324 of the Code of Practice directs that when the demand is founded on an obligation, or an act under private signature, which is alleged to be signed by the defendant, such defendant shall be bound, in his answer, to acknowledge expressly, or to deny his signature. The next article directs that, if the defendant deny his signature, or con-

*tends that it has been counterfeited,* the plaintiff must prove the genuineness of the signature.

The defendant did not *acknowledge expressly* his signature, and he did contend that it was a forgery. The inquiry should therefore be limited to the genuineness of the signature. This, we think, is abundantly proved. One witness swears he was present when the draft was executed by defendant. Two other witnesses, plaintiffs, say that, "under false representations on the part of the defendant, the goods were shipped; after they were shipped, the *draft sued on was given us by the defendant,* with a pledge that he would send us cotton to pay the draft." And a fourth witness swears that he "has often seen defendant write his name; that he is very familiar with his signature; has known him for twenty years; says he believes the signature to the draft sued on to be Wm. Hampton's genuine signature."

The defendant contends that the law is imperative in requiring that at least two witnesses must swear that they *know* the signature, because they have frequently seen him write and sign his name. And he refers to two decisions in the 21 An. 148 and 523, to sustain this position.

Those decisions simply affirm that article 325 of the Code of Practice provides how the plaintiffs shall prove the genuineness of defendants' signatures when they are denied. Neither those decisions nor the Code affirm the doctrine contended for by defendant. In this case, one witness proves the signature, and his knowledge is derived from having been present when the party signed it; another witness proved the genuineness of the signature from his knowledge of the signature of the defendant, though he did not see him sign the draft in question. We think this a compliance with article 325 of the Code of Practice.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.