No. 639.

## H. BLOCK vs. L. FITCHE.

A debtor, who has been adjudicated a bankrupt, under the bankrupt law of the United States, when sued in the State Courts, can interpose his plea at any time before judgment. Such defense needs not be heard *in limine*, under the rules of pleading of our State law.

APPEAL from the Fifth District Court, parish of Richland. *Richardson, J.*

### *Boatner & Liddell* for Plaintiff and Appellant:

First—After default taken, and answering to the merits, the defendant can not plead any exception which is dilatory in its nature.

Second—After answering to the merits setting up payment, it is too late for the defendant to plead a certificate of protection from the Bankrupt Court, of which he was in possession before and at the time of the institution of the suit.

Third—Such an exception is dilatory in its character and must be plead in "*limine litis.*"

Fourth—After answer filed pleading payment and extinguishment of the debt, it is too late to file an exception that plaintiff, having proven his debt before the register in bankruptcy, cannot sue the bankrupt defendant.

Fifth—Such an exception is peremptory only as to the form of procedure, and should have been plead in "*limine litis*" before answering to the merits.

Sixth—The certificate of protection and discharge to the bankrupt debtor, are defenses differing in force and effect, and to be of any avail must be properly plead, else they will not be noticed. 27 An. 571; 26 An. 41.

Seventh—It is inconsistent with the plea of payment and extinguishment of the debt, to except to plaintiff's suits on the ground that he has proven his demands before the register in bankruptcy—the pleas are contradictory.

Eighth—The benefit of bankrupt proceeding, protection and discharge, are personal to the debtor, and may be either waived or lost like other legal rights, by improper pleading. 26 An. 41; 3 An. 208.

Ninth—A bankrupt debtor when sued in a State Court, cannot after answering to the merits, pleading payment, ask to have the proceedings stayed, especially where his pleadings show that he has been adjudged a bankrupt nearly three years, and does not allege that he has made application for, or expects to obtain, his discharge.

Tenth—Defendant cannot make up the issues in a case, and then object to the court's passing on them.

### *Wells & Williams* for Defendant and Appellee:

A creditor proving his claim in bankruptcy cannot, after the commencement of proceedings, sue the bankrupt in a State court until the proceedings have been terminated without a discharge or after a discharge has been refused. Revised Statutes of the United States, sections 611, 5105, 5106; Bump on Bankruptcy, pages 92 and 93, 5th ed.; Shelly & Co. vs. Bayly & Pond, 32 An. 1171.

*Miller, Finney & Miller* on same side.

The opinion of the Court was delivered by

FENNER, J. Defendant is an adjudicated bankrupt whose bankrupt proceedings were pending, undetermined, at the time when this suit was instituted. Plaintiff, a creditor, after *proving his debt* in the bankruptcy, brought this suit. Defendant, without pleading the protection of his

bankrupt proceedings, filed answer to the merits. Thereafter, before trial or judgment, he filed his plea that he had been adjudicated a bankrupt, that his proceedings were pending, the question of discharge undetermined, that plaintiff had proved his debt, and could not, therefore, maintain this suit.

The plea was sustained and the suit dismissed.

Plaintiff appeals and assigns, as error, that the plea was in the nature of a dilatory exception or of a peremptory exception founded on form of procedure, which should have been pleaded *in limine litis,* and could not be heard after issue joined by answer to the merits.

State rules of pleading cannot be invoked to deprive a citizen of a right or privilege conferred by a law of the United States, passed in in pursuance of the Constitution, which is the paramount law of the land.

Article 5105 U. S. Revised Statutes expressly provides: "No creditor proving his debt or claim, shall be allowed to maintain any suit at law or in equity therefor against the bankrupt "—meaning, as established by judicial interpretation, during the pendency of the proceedings.

It has been held that the protection of this statute must be claimed, by special plea, by the bankrupt, but the industry of counsel has discovered no authority holding that such plea may not be filed at any time before judgment, or that it is waived or renounced by answer, nor can such proposition be sustained.

The bankrupt, when he files this plea, simply claims the enforcement of a constitutional law of the United States, paramount to all State legislation. The State law can neither repeal this statute, nor limit its operation, nor impose conditions upon its enforcement.

This plea, in its nature, has no relation whatever to the question of indebtedness *vel non.* It can present no inconsistency with any prior answer, whether it admitted or denied the debt or pleaded the extinguishment thereof. For the maintenance of the plea, it is sufficient that the creditor should have proved " his debt *or claim,*" and whether the bankrupt admit, or deny, or plead extinguishment of, the *claim,* does not affect the case. He has a privilege, which he may exercise or not, at his option; but we know of no law, principle, or authority, which deprives him of free option at any time prior to judgment in the suit.

Authorities are conflicting as to whether the relief, to which the defendant is entitled, is a dismissal of the suit, or a stay of proceedings.

As the plaintiff had proved his debt, we will adhere to the precedent in Shelly vs. Bayly & Pond, 32 An. 1171, which was followed by the District Judge, who dismissed the suit. In Fourchy vs. Bayly, 33 An., where we granted a stay, the creditor had not proved his debt.

We are asked to reserve to plaintiff the right to proceed against defendant upon obtaining leave of the bankrupt court.

No such reservation is necessary or proper in our present decree, which deprives plaintiff of no right accorded him by law.

The judgment of the court *a qua*, was entirely correct and requires no amendment at our hands.

The judgment is, therefore, affirmed, at appellant's cost.