VALLEY SECURITIES CO., INC., v.
DE ROUSSEL
(HOME FINANCE SERVICE and GEORGE
WRAY GILL, Interveners)

(March 23, 1931. Opinion and Decree.)

Connolly & Simoneaux, of New Orleans, attorneys for plaintiff, appellee.

Warren M. Simon, of New Orleans, attorney for interveners, appellants.

HIGGINS, J. This is a contest between mortgage creditors to be recognized by preference and priority over each other. The Valley Securities Company, Inc., foreclosed on a mortgage executed in its favor by the defendant and seized "one certain Dodge three-quarter ton · truck, Graham Bros. body, bearing motor No. M-68265, serial No. E-135,889," which truck was thus described and covered by the mortgage which formed the basis of the proceedings via executiva. This chattel mortgage, purporting to have been executed before A. R. Christovich, notary public, on February 24, 1930, was properly recorded in the mortgage office of Orleans parish on February 25, 1930.

The defendant answered, averring that he had been placed in bankruptcy, and specially excepted to the jurisdiction of the court, praying that the matter be transferred to the bankruptcy court, where plaintiff's claim had been listed in his schedules, and also for an injunction enjoining and restraining the constable from proceeding with the sale of the truck.

Immediately after the foreclosure proceedings were instituted the Home Finance Service filed an intervention alleging that it was the holder of a chattel mortgage on "one certain Dodge automobile truck, motor No. 68254, serial No. 135889, located at 1237 General Ogden street, this city," superior in rank to the plaintiff's and executed in its favor by the defendant on October 16, 1929, by act before Leo Hyman, notary public, and duly recorded in the mortgage office of Orleans parish on November 5, 1929; and praying that the constable be ordered not to sell the property seized unless it brought a sufficient amount to pay intervener's full claim, and that intervener's claim be paid by preference and priority over plaintiff's out of the funds realized from the sale.

A similar intervention was also filed by George Wray Gill, asserting a superior claim to the plaintiff's by virtue of a chattel mortgage executed by the defendant in his favor on December 21, 1929, by act before Warren M. Simon, notary public, and recorded on December 23, 1929, in which the truck is described as "one certain Dodge automobile truck, Graham Brothers model, six cylinders, three-quarter ton truck, panel body, motor No. 68265, serial No. E-35889, and which truck is presently situated and located at 1237 General Ogden street, New Orleans, La."

The trial court gave judgment in favor of the plaintiff, as prayed for, recognizing its chattel mortgage on the Dodge truck, refusing the injunction and also dismissing the interventions. Interveners alone have appealed.

The plaintiff admits that the two above purported chattel mortgages were recorded in the mortgage office prior to the recordation of its mortgage and would, everything being legal, prime its claim, but contends that these purported mortgages should not be given any legal effect as against plaintiff, because the descriptions of the trucks in interveners' chattel mortgages are insufficient and fatally defective and cannot serve as notice to third persons under the provisions of Act No. 198 of 1918, known as the chattel mortgage law.

The interveners attacked the mortgage of the plaintiff on several grounds:

First, that the act of mortgage was not passed before a notary and two witnesses; second, that the mortgage note was not properly identified with the mortgage; and, third, that the mortgage does not give the municipal location as to street name and number where the truck was kept or located, and, hence, that plaintiff's mortgage is illegal, not being in accordance with the provisions of the above act. The record is clear that the plaintiff did not have any actual knowledge of the mortgages of the interveners and the first question before us is whether or not the description of the truck in the respective interveners' mortgages is sufficient to serve as constructive notice of their existence, under the express provisions of section 4 of Act No. 198 of 1918.

Considering, first, the description in the Home Finance Service mortgage, it appears that it took a mortgage on a Dodge truck, but failed to specify therein that the truck had a Graham body. The mortgage recites that the motor number of the truck mortgaged is 68254, omitting the letter "M," which properly belongs before the number, and the correct motor number of the truck is 68265. Further, this mortgage described the truck as bearing serial No. 135889, whereas the proper serial number is "E-135889."

The defects in the description of the Gill mortgage are that the truck is described as a "Dodge automobile truck, Graham Brothers model," the proper description being a Dodge Brothers truck with a Graham Brothers body. In that mortgage, also, the motor number is shown as "68265," whereas the proper motor number is "M-68265"; and the serial number is given as "E-35889," while the correct serial number is "E-135889."

In the case of Exchange National Bank v. Palace Car Co., 1 La. App. 308, an automobile was described in the mortgage as "one 6-48 wire-wheel roadster, motor No. 50795, said car being manufactured by the Moon Motor Car Co." The motor number of the car in controversy was 43075. The court said:

"It is clear, we think, that the car was not described in the mortgage, so as to make it possible to identify it (Section 2 of Act 198 of 1918) and hence that as to an innocent third purchaser, it can have no effect."

See, also, Stevenson v. Exchange National Bank, 10 La. App. 179, 120 So. 96.

In the case of Valley Securities Co., Inc., v. Stafford et al., 8 La. App. 607, plain-

tiff's mortgage covered a "Ford roadster, motor No. 14525832." The third opponent's mortgage covered "one roadster, No. 14525832." The court held that the description was insufficient to serve as notice to third parties.

In the case of McQueen v. Tenison (Tex. Civ. App.) 177 S. W. 1053, it was held that "1 'Maxwell 4-passenger automobile, factory No. 32466'" was not such a description as to charge the purchaser of a "five-passenger Maxwell automobile, 'model 1-3, car No. 2466" with notice that the car purchased was the one covered by the mortgage. See, also, 11 Corpus Juris, 461, sec. 81.

Where automobiles are manufactured by the thousands by the various automobile syndicates, there must be some differentiating marks by which they can be identified. The identification of automobiles upon which state licenses are issued are guided by the name and make of the car and the motor and serial numbers. The motor and serial numbers on automobiles are the distinctive marks by which cars of the same make and manufacture are identified one from the other. Failure to properly give the motor and serial numbers of the mortgaged automobile is not a sufficient compliance with the provisions of Act No. 198 of 1918 and definite enough description to operate as constructive notice to third persons of the mortgage on the automobile. The trial judge found that the description in both interveners' acts was insufficient to charge the plaintiff with constructive notice of their existence, and we are of the opinion that his conclusion was correct.

In the argument at bar, counsel for the interveners sought to have us first determine the question, vel non, of the validity of plaintiff's mortgage, upon the three grounds of asserted illegality.

In this connection we note that the defendant filed a special plea to the jurisdiction of the court, asking that the matter be transferred to the bankruptcy court, and under such a plea the allegations of the plaintiff's petition to the effect that it was the bona fide holder and owner of the notes secured by its chattel mortgage were admitted. City of New Orleans v. Waggaman, 31 La. Ann. 299; Block v. Fitche, 33 La. Ann. 1095; Pinckard, Steele & Co. v. Hampton, 22 La. Ann. 439; Barnett et al. v. Cate & Co., 18 La. Ann. 160; Blanque v. Woods, 11 La. Ann. 103.

It is also settled beyond dispute that an intervener must take the suit as he finds it and cannot complain of the form of the action, or of the informalities or defects in the proceedings between the original parties. Layman v. Succession of Woalfe, 136 La. 767, 67 So. 823.

Interveners in the present case, in their respective petitions, prayed for recognition by preference and priority of their claim over the plaintiff's on the proceeds of the sale of the mortgaged truck in the foreclosure proceedings. In the case of Albert Pick & Co. v. Stringer, 171 La. 131, 129 So. 731, 735, the Supreme Court of this state held:

"It is our opinion that the third opposition is not the remedy afforded for determining the rank of valid and subsisting claims. The law provides another remedy for determining the validity or legality of such claims. This court has uniformly held that an opposition will not lie where the opponent attacks the validity of the judgment or mortgage and in the same action claims to be paid by preference out of the

proceeds realized from the sale of property. Theurer v. Knorr, 24 La. Ann. 597; Tarleton v. Kennedy, 21 La. Ann. 500; Peychaud v. Citizens' Bank, 21 La. Ann. 262; Livaudais v. Livaudais, 3 La. Ann. 454; Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823. The last-cited case merely holds that an intervener must take the case as he finds it."

Interveners cannot in the same proceeding attack the validity of a mortgage on which the foreclosure proceeding is instituted and the order of seizure and sale issued, and also ask that they be paid by preference out of the proceeds of the sale. They cannot be permitted to attack the authenticity of the mortgage, which is the basis of the foreclosure proceedings, and, at the same time, claim the proceeds of the sale.

It would appear to us that the interveners are in the same position as a plaintiff in a petitory action. They must depend upon the validity of their own mortgage, rather than upon the illegality of their adversary's. It was incumbent upon interveners to show that they had a valid, subsisting mortgage before they could assert any rights as against the plaintiff. The mortgages under which they asserted their rights were found by the lower court and by this court to be defective because of insufficient description of the truck and, therefore, could not affect third persons. Hence, they are without any right to question the validity of the plaintiff's mortgage particularly where the defendant in the case did not raise such an issue.

For the reasons assigned the judgment appealed from is affirmed.