O’NIELL, Chief Justice.
 

 The appellant is suing for $99.99 damages, alleging that his property was taken from him by the defendant without due process of law. The suit was tried on its merits, and the plaintiff’s demand was rejected. He is appealing from the decision. The defendant has moved to dismiss the appeal on the ground that the amount in dispute is not enough to make the case appealable. The appellant, answering the motion to dismiss, claims that a homestead exemption is in contest, and that, for that reason, the case is within the appellate jurisdiction of the Supreme Court. He claims also that the suit is an attack upon the constitutionality of the chattel-mortgage law [Act No. 198 of 1918, as amended by Act No. 81 of 1922, Act No. 119 of 1924, Act No. 232 of 1924, Act No. 157 of 1928, Act No. 166 of 1932, Act No. 189 of 1932, and Act No. 178 of 1936], and that, for that reason also, the case is within the appellate jurisdiction of this court.
 

 According to Sections 29 and 35 of Article VII of the Constitution there is no right to appeal, either to the Supreme Court or to the Court of Appeal, from a judgment rendered by a District Court in a case where the amount in dispute is less than $100, — unless the case is within some such exception as the appellant claims this case is.
 

 There is no merit in the argument that this court has jurisdiction over the suit because it is an attack upon the constitutionality of the chattel-mortgage law. In the first place no such attack is made in the suit. And in the second place if the constitutionality of the statute had been questioned this court would not have appellate jurisdiction unless the statute was adjudged unconstitutional. Const. Art. VII, Sec. 10. There was no adjudication on that subject by the District Court in this case.
 

 The property which the plaintiff says was taken from him by the defendant
 
 *1175
 
 without due process of law is described in his complaint as movable property, on which the defendant held a chattel mortgage to secure a debt of $400. The plaintiff alleged in his complaint that the property was subject to the homestead exemption, under Section 1 of Article XI of the Constitution; and that the property was taken from him in spite of the exemption. It is declared in the 5th paragraph of Section 10 of Article VII of the Constitution that the jurisdiction of the Supreme Court shall extend to all cases involving homestead exemptions, “except that in cases involving only movable property, the appeal shall lie to the court having jurisdiction of the amount or the value of the property involved.” There is nothing in the record in this case to show the value of the property which the plaintiff says was taken from him, except his demand for $99.99 damages for his loss of the property. The case therefore is not within the appellate jurisdiction either of this court or of the Court of Appeal.
 

 The appeal is dismissed.