13 So.2d 491

SOUTHERN ENTERPRISES, Inc., v.
FOSTER et al.
No. 36828.

April 12, 1943.

W. F. Pipes, of Monroe, and George Ginsberg, of Alexandria, for applicant.

Gravel & McLure, of Alexandria, for respondent.

ROGERS, Justice.

This matter is brought here on a writ of review to determine the correctness of a judgment of the Court of Appeal for the Second Circuit, affirming the holding of the district court that the lessor's privilege primes a chattel mortgage.

It appears from the record that on November 2, 1940, George W. Foster leased from the Southern Enterprises, Inc., certain premises in the City of Alexandria for the purpose of operating therein a restaurant

under the name of the "Parkway Inn." The lease was for a period of two years with the right granted the lessee to renew the lease for an additional two years at an increased rental.

On December 11, 1940, Otto Passman, doing business in the City of Monroe under the trade name of Passman Equipment Company, sold Foster certain equipment to be used in the restaurant operated by the vendee. The agreed purchase price of the equipment was $908.50, on which Foster was credited with $242.50 made up of a trade-in allowance and a payment of cash, leaving a balance due of $666, which was made payable in monthly installments of $37. The credit portion of the purchase price was evidenced by Foster's promissory note made to the order of the Passman Equipment Company and secured by a chattel mortgage on the merchandise sold. Foster signed the instrument evidencing the sale and chattel mortgage and the note secured by the chattel mortgage in the City of Alexandria, in the Parish of Rapides, in the presence of two competent witnesses. The documents were then taken to the City of Monroe in the Parish of Ouachita where they were signed by Otto E. Passman, sole owner of the Passman Equipment Company. After the documents were signed by Passman, one of the subscribing witnesses appeared before a notary public for the Parish of Ouachita and proved the signatures of both Passman, the vendor, and Foster, the vendee. The instrument evidencing the sale and chattel mortgage and containing the notarial acknowledgment was not recorded in the Parish of Ouachita, but was sent to the Parish of Rapides where it was duly recorded. Passman retained the note of Foster, which was secured by the mortgage, and immediately, through one of his employees, delivered and installed the mortgaged equipment in the place of business conducted by the mortgagor in the City of Alexandria.

Foster failed to pay all the rent due for the month of August, 1941, and the Southern Enterprises, Inc., exercising its lessor's privilege, provisionally seized the contents of the leased premises, including the equipment that Passman sold to Foster. The Southern Enterprises, Inc., secured a judgment against Foster for the amount sued for, with recognition of its lessor's privilege, and immediately proceeded to advertise for sale all the property seized in the leased premises. Whereupon Passman intervened in the proceeding and, by way of third opposition, claimed that the chattel mortgage held by him primed the lessor's privilege asserted by the Southern Enterprises, Inc., on the articles described in the mortgage. Passman asked for a separate appraisement and sale of the property subject to his chattel mortgage and that the priority of his mortgage be recognized and enforced. The judge of the district court, as requested, issued an order for the separate appraisement and sale of the articles covered by the chattel mortgage and directed the sheriff to retain in his possession the proceeds of the sale until the further orders of the court.

The Southern Enterprises, Inc., answered the intervention and third opposition filed by Passman, asserting that its lessor's

privilege was superior to the chattel mortgage held by opponent. Foster made no appearance.

The case was tried in the court below on the opposition of Passman and the answer thereto of the Southern Enterprises, Inc. After hearing the parties the trial judge rendered a judgment in favor of the Southern Enterprises, Inc., and against Passman, rejecting all the claims of Passman and ordering that the Southern Enterprises, Inc., be paid by preference and priority the proceeds derived from the sheriff's sale of the property provisionally seized. The Court of Appeal, with one judge dissenting, affirmed the judgment. After his application for rehearing was refused, Passman applied to this Court for a writ of review, which was granted.

Only a question of law is involved in this case. The facts are admitted. The district court, and the Court of Appeal as well, found that the chattel mortgage held by Passman was regular in every respect, but that it was not recorded in the Parish of Ouachita where it was executed, and hence, the formalities required by the chattel mortgage law in order that the rights of third persons might be affected were not complied with.

Relator in his brief complains that the Court of Appeal erred in deciding the case under the provisions of Act 178 of 1936, because that act is unconstitutional. The constitutionality of the statute was not questioned in the Court of Appeal, nor was it questioned or adjudicated upon in the district court. Relator's complaint, made for the first time in his brief filed in this Court, can not be considered. Causey v. Opelousas-St. Landry Securities Co., 192 La. 677, 188 So. 739; Batts v. Marthaville Mercantile Co., 193 La. 1072, 192 So. 721.

Relator also complains that the Court of Appeal erred in holding that the chattel mortgage under review in this case was executed in the Parish of Ouachita, where it was signed by the mortgagee and proved by one of the subscribing witnesses, and not in the Parish of Rapides where the mortgage and note were signed by the mortgagor in the presence of the witnesses.

The requirements for the execution of a chattel mortgage are set forth in section 2 of Act 198 of 1918, as amended by Act 178 of 1936, as follows:

"Every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of such property to be mortgaged, so that the same may be identified, and also stating definitely the time when the obligation shall mature. In order to affect third persons without notice, both within the Parish where recorded and outside of the Parish where recorded, but within the State of Louisiana, said instrument must be passed by notarial act, or by private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a Notary Public, and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the Parish where the Act of mortgage is executed, and also at the domicile of the mortgagor; provided, further, that the right to foreclose upon said mortgage by executory process shall

not be permitted unless the mortgage be by authentic act."

Relator argues that it was not necessary for the mortgagee to sign the chattel mortgage; that the mortgage was valid without his signature; that it was created when the act of mortgage was signed by the mortgagor in the Parish of Rapides where the mortgagor resided, and therefore that the recordation of the act in the Parish of Rapides was sufficient.

■■■ A conventional mortgage, under our law, can result only from a contract. Succession of Benjamin, 39 La.Ann. 612, 2 So. 187. In order to impart validity to the contract, the parties thereto must assent to its terms. While it has been held that a mortgagee's failure to sign an act of mortgage does not render the mortgage absolutely null, nevertheless the mortgagee must perform some affirmative act to indicate his acceptance of the mortgage. Thus a suit by the holder of the mortgage note to foreclose the mortgage is a sufficient acceptance of the mortgage. Richardson v. McDonald, 139 La. 651, 71 So. 934.

■■■ The mortgage creditor effectively accepts a mortgage in his favor either by taking the mortgage note, or by an authentic act. The transfer of a note transfers everything accessory to and securing the note. Citizens' Bank v. Ferry, 32 La.Ann. 310; Roberts v. Bauer, 35 La.Ann. 453; Huber v. Jennings-Heywood Oil Syndicate, 111 La. 747, 756, 35 So. 889. In Roberts v. Bauer, the jurisprudence of this Court and of France on the subject is reviewed.

Commenting upon its jurisprudence, this Court said:

"It was long since decided by this Court, that: 'The formal written acceptance of the mortgagee was not necessary. The acceptance of the note by the payee was an acceptance of the mortgage which it stipulated, and by the delivery of the note the entire contract became complete between the debtor and the creditor.'" Ells v. Sims, 2 La.Ann. 251, 254, and Citizens' Bank v. Ferry, 32 La.Ann. 310, 314, are cited in support of the statement.

Commenting upon the view taken by the French Jurisprudence where the law requires the mortgage to be made by an authentic act, this Court observed: "The Court of Cassation held, that the authentic act of mortgage could constitute a unilateral engagement and could be regularly made by the debtor alone, and that the law did not require the creditor to accept it by authentic act. In such case, the unilateral contract remained suspended and imperfect until accepted or acted on by the creditor, but authentic evidence of such acceptance was not essential. Paul Pont, Priv. et Hyp., No. 659."

■■■ In the case before us, Passman, the mortgage creditor, not only formally accepted the mortgage in writing, but he also accepted it by receiving the mortgage note. These affirmative acts were performed in the Parish of Ouachita. They were necessary to effectuate the suspended and imperfect unilateral contract executed by the mortgagor in the Parish of Rapides. By their performance, the entire contract was

completed between the debtor and the creditor.

In view of these considerations, it is difficult to understand how the mortgagee, as the creditor, can argue with any hope that his argument will prevail that all that was necessary to establish the contract and protect his mortgaged rights was for the mortgagor as the debtor to sign the act evidencing the debt and creating the mortgage. But the question to be determined here is not whether the mortgage executed by Foster in favor of Passman is a valid and enforcible contract as between the original parties. The question presented for decision concerns the rights of the lessor who is not a party to the original contract and whose rights are admittedly in conflict with those of the mortgagee. The provision of the chattel mortgage law, which we have hereinabove quoted, requires that in order to affect third persons, the instrument must be executed by notarial act, or by private act duly acknowledged by one of the parties thereto, or by a subscribing witness before a notary public, and the original or a certified copy of the act of mortgage must be recorded in the office of the recorder of mortgages in the parish where the act of mortgage is executed and also at the domicile of the mortgagor.

■ The requirement of the law that a chattel mortgage executed in the form of an act under private signature must be acknowledged before a notary public as a prerequisite to recording the instrument is for the purpose of authenticating the instrument and giving solemnity to its exe-cution. The acknowledgment makes prima facie proof that the instrument is true and genuine and authorizes its reception in evidence without further proof of its execution. Section 1 of Act 68 of 1914. This requirement which is necessary to the validity and effectiveness of the chattel mortgage as against third persons was complied with. The act of mortgage was recorded in the Parish of Rapides where the mortgagor maintained his domicile; hence, the statutory requirement that the mortgage be recorded at the domicile of the mortgagor was met. But the instrument was not recorded in the Parish of Ouachita where the mortgaged property was situated and where the mortgage was accepted by the mortgagee and acknowledged before a notary; hence, the statutory provision requiring the instrument to be recorded in the Parish where it was executed was not followed.

■■ The object of the chattel mortgage law, as set forth in the statutory provision which we have hereinabove quoted, is to prescribe the method by which a chattel mortgage is to be made effective, not as between the original parties, but as against all other persons within the State who are without notice of the existence of the instrument. Actual knowledge on the part of a third person of the existence of a recorded chattel mortgage dispenses with the necessity of complying with the statutory requirement. Third persons without actual knowledge can not be held to have constructive notice of the existence of the chattel mortgage unless the statutory requirements are strictly complied with.

In Hindelang v. Collord Motors, 200 La. 569, 8 So.2d 600, 604, the reverse of the situation presented here was considered by this Court. The act of chattel mortgage in that case was executed and recorded in the Parish of Orleans, but it was not recorded in the Parish of Plaquemines, the domicile of the mortgagor. The Court, in interpreting the provisions of Section 2 of Act 198 of 1918, as amended by Act 178 of 1936, in connection with those facts, held that the chattel mortgage was not effective against third persons without knowledge. The Court said: "* * * as the mortgagors in this case were domiciled in the Parish of Plaquemines on December 5, 1938, the day on which the chattel mortgage was executed, under the plain provisions of the chattel mortgage law, the mortgage should have been recorded in that Parish before it could affect the rights of innocent third persons."

It is not contended, nor is there any showing that the Southern Enterprises, Inc., had actual notice of the chattel mortgage executed by Foster, its tenant, in favor of Passman, the third opponent, and since one of the formal requirements of the chattel mortgage law necessary to give the instrument validity as against third persons without notice was not complied with, the Southern Enterprises, Inc., can not be charged with constructive notice of the existence of the instrument.

As was well said by the Court of Appeal in this case, "Perhaps there is no sound reason for requiring the recordation of a chattel mortgage in the records of the parish where it is executed. That, how-ever, is a matter which addresses itself to the sound discretion of the Legislature. Such recordation is made essential by the statute which creates and deals with chattel mortgages, and that enactment must be strictly construed."

Relator in his brief states that while the Southern Enterprises, Inc., answered the opposition filed by Passman, defendant Foster made no appearance. Relator states "the case was fixed for trial on the opposition of Passman, and the minutes of the Court show that the opposition as to Foster was not at issue, because there was no answer filed by him and no default had been entered."

Relator further says that the trial court dismissed the opposition of Passman and denied his right to a judgment against Foster. He states that this was a final judgment and not one of nonsuit and was affirmed by the Court of Appeal. Relator asserts that the case will have to be remanded to the trial court so that he may have an opportunity of obtaining judgment against Foster. Whether Passman has been denied any right to obtain a judgment against Foster is a matter which does not concern the Southern Enterprises, Inc. However, we do not find it necessary to reverse any portion of the judgment of the district court. As stated by relator, an examination of the minutes of the district court shows that the case was tried on the opposition of Passman. At this trial both Passman and the Southern Enterprises, Inc., were represented by counsel. No appearance was made by Foster, either personally or by counsel and he took no

part in the trial. The judgment shows that it was rendered in favor of the Southern Enterprises, Inc., and against Otto. E. Passman, doing business as the Passman Equipment Company. Foster's name was not mentioned anywhere in the judgment. No decree was entered either in favor of or against Foster. Hence, as to him there is nothing that would justify the Court to affirm or to reverse any part of the judgment.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.

ODOM, J., absent.

HAMITER, J., recused.