PER CURIAM.
The City of New Orleans, the Mayor of che City of New Orleans, and the Superintendent of Police moved to dismiss this appeal or in the alternative to transfer it to the Supreme Court of the State of Louisiana.
' In their motion movers state only that “the instant case involves the legality and constitutionality of an ordinance of the City of New Orleans.”
Appellants oppose the dismissal or the transfer of the appeal, directing attention to the fact that, although an ordinance of the City of New Orleans was attacked as unconstitutional, the judgment from which the appeal was taken did not so hold.
The Supreme Court would have jurisdiction of this matter only if the ordinance had been held to be unconstitutional.
In section 10 of Article 7 of the LSA-Constitution it is provided that the Supreme Court shall have appellate jurisdiction “in all cases wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law of this-State has been declared unconstitutional.”'
In Batts v. Marthaville Mercantile Co., 193 La. 1072, 192 So. 721, the Supreme Court said:
“There is no merit in the argument that this court has jurisdiction over the suit because it is an attack upon the constitutionality of the chattel-mortgage law. In the first place no such attack is made in the suit. And in the second place if the constitutionality of the statute had been questioned this court would not have appellate jurisdiction unless the statute was. adjudged unconstitutional. Const. Art. VII, Sec. 10. There was no adjudication on that subject by the District Court in this case.”
The motion to dismiss or transfer the.appeal is overruled.
Motion denied.