PRICE, Judge.
This is an appeal from a judgment of the Eleventh Judicial District Court in DeSoto Parish granting priority to a chattel mortgage held by the plaintiff, First National Bank in Mansfield, over a chattel mortgage of the appellant, Continental-Emsco Co., on three drilling rigs owned by the defendant, M. D. Lawrence.
The defendant, M. D. Lawrence, a drilling contractor domiciled in DeSoto Parish, Louisiana, was indebted to both the First *908 National Bank in Mansfield and to Continental-Emsco. Each of these creditors requested that defendant give them security for this indebtedness. The defendant granted a chattel mortgage to the First National Bank in Mansfield on September 8, 1966, covering three drilling rigs which were identified in the instrument as Rigs #1, 2 and 3. This mortgage was recorded only in DeSoto Parish, Louisiana, which was the domicile of the mortgagor. The mortgage instrument, however, indicated that the rigs were located as follows:
“C/M Rig #1 — (Evelyn, Louisiana.) * * *
C/M Rig #2 — (Lake Charles, Louisiana.) * * * ; and
C/M Rig #3 — (Black Lake, Louisiana.) * * * ”
The testimony showed Evelyn to be in DeSoto Parish, Lake Charles to be in Calcasieu Parish, and Black Lake to be in Natchitoches Parish.
On November 28, 1966, the defendant executed a chattel mortgage in favor of Continental-Emsco covering the same three drilling rigs which were identified in the instrument by numbers identical to those used in the aforementioned mortgage. The actual location of the rigs at the time of execution of both mortgages was: Rig #1, DeSoto Parish; Rig #2, Tensas Parish; and Rig #3, Natchitoches Parish. The Continental-Emsco mortgage instrument provided that the intended locations of the rigs were: Rig #1, Lafayette County, Arkansas; Rig #2, DeSoto Parish, Louisiana; and Rig .#3, Natchitoches Parish, Louisiana. This mortgage, or a duplicate thereof, was recorded in the domicile of the mortgagor, DeSoto Parish, in Natchitoches Parish, Louisiana, and with the Secretary of State of the State of Arkansas. Subsequently, the First National Bank in Mansfield brought suit to foreclose its mortgage by executory process, and a petition of intervention was filed by Continental-Emsco claiming that its mortgage was superior to that held by the plaintiff bank as the bank’s mortgage was not recorded at the places where the property was intended to be located in accordance with the mortgage instrument.
After trial in the district court judgment was rendered recognizing the priority of the bank’s mortgage on all three drilling rigs, and the properties were sold. The proceeds of the sale are being held by the Sheriff of DeSoto Parish pending final judicial determination of the rank of these mortgages. From this judgement Continental-Emsco has appealed. However, it concedes that the district court was correct insofar as Rig #1 is concerned, and this is no longer at issue.
The bank’s mortgage was not recorded in the parishes where Rigs #2 and #3 were actually located or in the parish seats of the places the mortgage instrument showed to be their location. The Continental-Emsco mortgage was recorded in the parishes where the mortgage instrument stated they were to be located. However, a multiple original of the acts of mortgage was not recorded where Rig #2 was actually located. It has been conceded by Continental-Emsco that they had actual knowledge of the existence of the chattel mortgage of the bank on all three rigs at the time of execution of their mortgage. Its knowledge arose through the mortgagor’s full disclosure of this fact as he was reluctant to grant the mortgage because he was fearful of violating some criminal law for mortgaging property that was already mortgaged. It was only after some alteration of the printed mortgage form to delete all declarations of the mortgagor with reference to the property being free from liens and other encumbrances that he would execute the instrument to appellant.
The district judge, in a very ably written opinion, found a difference in the legal effects resulting from the factual circumstances surrounding the mortgaging of Rigs #2 and #3. He found the failure by Continental-Emsco to record the mortgage in the parishes of the actual locations of *909 the property not to be a sufficient compliance with the law, even though it was recorded in the parishes where by the terms of the instrument the rigs were intended to be located. We do not find .it necessary to consider this distinction because of our views on the other legal issues involved in this matter.
Appellee contends that the admitted actual knowledge of the appellant, Continental-Emsco, vitiates the registry requirements of LSA-R.S. 9:5353. In opposition to this position appellant’s counsel relies principally on a change that was effected in the wording in the chattel mortgage law by Act 172 of 1944. Prior to the amendment, the law, as then contained in 3 Dart, Louisiana General Statutes, § 5023, provided as follows :
“Every such mortgage of property mentioned in section 1 [§ 5022] shall be in writing, setting out a full description of such property to be mortgaged, so that the same may be identified, and also stating definitely the time when the ob-litigation shall mature. In order to affect third persons without notice, both within the parish where recorded and outside of the parish where recorded, but within the State of Louisiana, said instrument must be passed by notarial act, or by private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a notary public, and the original or a certified copy thereof shall be recorded in the office of the recorder of mortgages in the parish where the act of mortgage is executed, and also at the domicil of the mortgagor; provided, further, that the right to foreclose upon said mortgage by executory process shall not be permitted unless the mortgage be by authentic act. [Acts 1918, No. 198, § 2; 1932, No. 189, § 1; 1936, No. 178, § 1.]” (Emphasis supplied.)
After the 1944 amendment the Statute no longer contained the wording “without notice”, as will be noted by reference to the present law found in LSA-R.S. 9:5353, which reads as follows:
“In order to affect third persons, every chattel mortgage shall be by authentic act, or by private act, duly authenticated in any manner provided by law. A multiple original of every such act of mortgage shall be filed in the office of the recorder of mortgages of the parish where the mortgaged property is to be located according to the terms of the mortgage instrument and also in the office of the recorder of mortgages of the parish of the mortgagors’ domicile, if the mortgagor is domiciled in the state. If the mortgagor is not domiciled in the state, filing in the office of the recorder of mortgages of the parish where the property is to be located according to the terms of the mortgage instrument will be sufficient. Upon receipt of the instrument the recorder of mortgages shall note thereon the date, hour, and minute of receiving it and shall record it in their respective offices. The recorder of mortgages shall immediately cause to be indorsed on the instrument his certificate of recordation. For these services each recorder of mortgages shall receive one dollar.”
It is argued that the omission of the wording “without notice” should be construed as an attempt by the Legislature to give chattel mortgages the same status as mortgages on real property insofar as effect of recordation is concerned.
Two cases have been decided since the 1944 amendment which contain expressions of the Courts on this question, although each was decided on a purely factual basis. The case of United Novelty Co. Inc. v. Salemi, 68 So.2d 808 (La.App. 2nd Cir., 1953), in which this Court pronounced that third parties are charged with liability in the absence of proper recordation of a chattel mortgage, only by actual knowledge of the existence thereof reaffirms the holdings of the cases of Hindelang v. Collord Motors, 200 La. 569, 8 So.2d 600 (1942), *910 and Southern Enterprises, Inc. v. Foster, 203 La. 133, 13 So.2d 491 (1943). In this case the court recognized that laws relating to the execution and recordation of chattel mortgages must be rigidly enforced, yet it was unwilling to pronounce that the failure to comply literally with the recordation provisions would be fatal to a mortgage holder as against an adverse party with actual knowledge of the chattel mortgage. The Court made it clear, however, that the burden of proof must he borne by the party seeking to uphold his mortgage under the actual notice doctrine.
In a more recent case, All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir., 1965), the Court made the following expression on the question:
“The object of the statute relative to execution of chattel mortgages, LSA-R.S. 9:5351 et seq., is to prescribe the method by which a mortgage on chattels is made effective, not as between the parties to the contract, but as against all other persons without notice of the privilege thereby conferred upon the mortgagee, but actual knowledge on the part of a third person of the existence of the recorded chattel mortgage dispenses with the necessity of complying with the statutory requirements, LSA-R.S. 9:5352; Southern Enterprises, Inc. v. Foster et al., 203 La. 133, 13 So.2d 491; Valley Securities Co., Inc. v. DeRoussel, 16 La.App. 115, 133 So. 405.”
It, therefore, appears that all of the jurisprudence on this subject since the 1944 amendment has not given the meaning to the deletion from the statute of the words “without notice” that appellant would have us give it. The purpose of the Statute requiring registry and recordation is to make third parties aware of the existence of a mortgage so that they will not act to their detriment. Where a person is already possessed of this knowledge, the objective of the registry statute has already been accomplished.
We are of the opinion that the expressions of the Courts enunciated in the two aforementioned cases is the jurisprudential law on this subject, and that actual knowledge by appellant of the existence of appellee’s prior mortgage would relieve appellee of a literal compliance with the provisions of LSA-R.S. 9:5353 insofar as registry is concerned.
It is therefore ordered that the judgment appealed from be affirmed at appellant’s cost.