(55 South. 734.)

No. 18,883.

Succession of LAVERGNE et al.

(June 15, 1911.)

*(Syllabus by Editorial Staff.)*

1. EXECUTORS AND ADMINISTRATORS (§ 20*)— APPOINTMENT—OBJECTIONS — CAPACITY TO MAKE.

A grantee of real estate belonging to a succession, not an heir or creditor, has no standing to oppose an application for letters of administration, on the ground that the succession owed no debts, and that the applicant was neither an heir nor a creditor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 95; Dec. Dig. § 20.*]

2. APPEAL AND ERROR (§ 713*) — RECORD— TRANSCRIPT.

Where a grantee of real estate alleged to belong to a certain succession opposed the application for letters of administration and appealed from an order dismissing its opposition, and its act of sale was filed neither in the trial court nor in the Supreme Court on appeal, it could not be considered, though a document purporting to be the original act of sale was in the transcript; it not appearing whether it was lodged in the Supreme Court before or after the submission of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2379, 2463, 2465; Dec. Dig. § 713.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Application by Willis J. Roussel for administration on the successions of Allain Lavergne and others, to which the New Orleans Land Company filed an opposition. From an order overruling the same, it appealed. On motion to dismiss. Granted.

Charles Louque, for appellant. Lyle Saxon, for appellee.

PROVOSTY, J. The appellee, Willis J. Roussel, having applied to be appointed administrator of the successions of Allain Lavergne et al., and for the making of an inventory of certain real estate as belonging to said successions, appellant, the New Orleans Land Company, filed an opposition, on the ground that it is itself the owner of the said property, that the said successions owe no debts, and that the said Willis J. Roussel is neither an heir nor a creditor of said successions.

The appellee has moved to dismiss the appeal on the following grounds:

"First. That the transcript herein filed by the appellant, the New Orleans Land Company, is incomplete, as it fails to show the act of sale relied on by the appellant.

"Second. That the New Orleans Land Company is neither a creditor nor an heir to the above successions, nor has it any interest therein sufficient in law to oppose the application of Willis J. Roussel for letters of administration in the above successions.

"Third. That appellant is without interest in these proceedings, and has no right to oppose the application of Willis J. Roussel for letters of administration, or to tie up these proceedings, or block the administration of the above successions, under the jurisprudence as laid down in Succession of Williams, 107 La. 610, 32 South. 65.

"Fourth. That, under the circumstances, the appeal is frivolous, and taken for the purpose of harassing appellee and retarding the proper procedure of the court, and appellee is entitled to ten per cent. damages on the amount of the inventory herein, which he has sustained by the delay consequent on this appeal under article 907 of the Code of Practice."

[1] The transcript is incomplete and defective, as stated.

For that reason, and for the reasons stated in the second and third grounds of the motion to dismiss, the appeal must be dismissed. [2] We find in the transcript a document which purports to be, and in the brief is said to be, the original of the act of sale by which the opponent acquired title to the property in question—the act of sale whose absence from the transcript forms the basis of the first ground of dismissal. The document has been filed neither in the lower court nor in this court. Whether it was lodged in this court before or after the submission of the case does not appear. Under these circumstances, the court can give it no consideration.

Damages for a frivolous appeal are allowed only in cases where a money judgment is involved.

Appeal dismissed.