(73 South. 847)

No. 22319.

SALITTES v. SOUTHERN PUB. CO., Inc.

In re SOUTHERN PUB. CO., Inc.

(Jan. 15, 1917.)

*(Syllabus by the Court.)*

CERTIORARI ⊙⟶47 — SUSPENSION — APPLICATION FOR WRIT OF CERTIORARI—NOTICE OF INTENT.

 The filing in the Court of Appeal of the notice of intention to make application to the Supreme Court for writs of certiorari and review, in accordance with section 3 of rule 16 [67 South. xi][1] of the rules of this court, suspends execution of the judgment of the court of Appeal during the 30 days allowed by article 101 of the Constitution for filing the petition or application, and if the petition or application be filed within the 30 days, the judgment shall remain suspended until the final judgment or order of this court.

 [Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 121–128; Dec. Dig. ⊙⟶47.]

Action by Joseph E. Salittes against the Southern Publishing Company, incorporated. Judgment in the First City Court of the City of New Orleans for plaintiff, on defendant's appeal to the Court of Appeal, was affirmed, and from an order directing the clerk to de-

---

[1] 136 La. xiii.

liver a copy of the mandate or decree to plaintiff to be filed in the First City Court for execution, defendant petitions for writs of certiorari, prohibition, and mandamus. Rule issued herein made absolute, and peremptory writ of prohibition ordered to issue.

Delvaille H. Theard, of New Orleans, for applicant.

O'NIELL, J. The facts alleged in the petition of the relator are admitted by the respondent judges. Judgment was rendered against the relator, in favor of the plaintiff, in the above-entitled suit, in the First City Court of the city of New Orleans. The defendant obtained and perfected a suspensive appeal to the Court of Appeal for the parish of Orleans, where the judgment appealed from was affirmed. The defendant made application for a rehearing within the time allowed by law. The rehearing was denied. The defendant immediately gave notice of his intention to apply to this court for writs of certiorari and review, under the provisions of article 101 of the Constitution, and at the same time requested the clerk of the Court of Appeal to immediately prepare the transcript necessary for the application to this court. Thereupon the plaintiff, appellee, in the case, requested that the clerk of the Court of Appeal deliver to him a copy of the mandate or decree, to be filed in the First City Court for execution. The defendant protested against the clerk's delivering a copy of the decree or mandate to the plaintiff or sending the same to the First City Court for execution, and sought, by a rule on the clerk, to prevent his doing so. The Court of Appeal ruled against the defendant, appellant, and directed that the clerk deliver a copy of the decree or mandate to the plaintiff, to be filed in the First City Court, for execution. The appellant, on the 4th day after the refusal of a rehearing by the Court of Appeal, filed his petition in this court for writs of certiorari,

prohibition, and mandamus, to prevent the execution of the judgment of the Court of Appeal until he could prepare and file his petition for writs of certiorari and review, under article 101 of the Constitution.

In their return on the rule to show cause why the writs prayed for should not issue, the respondent Judges of the Court of Appeal submit for decision the question whether the execution of the judgment of that court was suspended by the filing of the defendant's notice of the intention to apply for writs of certiorari and review. The Judges of the Court of Appeal held that the judgment of that court could only be suspended by the filing in the Supreme Court of the application for writs of certiorari and review. They had so held in two previous decisions.

Article 101 of the Constitution provides that, if application be made to this court not later than 30 days after the decision of a case by the Court of Appeal, it shall be competent for this court to require, by certiorari, any case to be certified from the Court of Appeal to this court for its review and determination, with the same power and authority in the case as if it had been brought directly by appeal to this court.

Act No. 191 of 1898, carrying out the provisions of article 101 of the Constitution, provides that, if the petition for review, together with copies of the original petition, answer, and other pleadings in the case, be filed in this court within 30 days after the rendition and entry of a judgment by the Court of Appeal, this court may require the case to be certified to it by the Court of Appeal for our review and determination, with the same power and authority in the case as if it had been brought directly by appeal to this court, or that we may require that the whole record be sent up for our consideration, and decide the whole matter in controversy in the same manner as if it had been on appeal directly to this court.

Section 3 of rule 16 of the rules of this court provides that the service of notice of intention to apply for certiorari or review, under article 101 of the Constitution, followed by the filing of the application within the time allowed by the Constitution, shall operate to suspend any further proceedings in the case to which the application relates, either in the Court of Appeal or in the court of the first instance.

The Judges of the Court of Appeal have construed the foregoing rule to mean that the execution of a judgment of that court is not suspended by the filing of the notice of intention to apply for certiorari or review, until the application for the writ of certiorari or review is actually filed in this court.

That is not our construction of the rule. The expression, "The service of notice of intention to apply for certiorari or review, under article 101 of the Constitution, followed by the filing of the application within the time allowed by the Constitution, shall operate to suspend any further proceedings in the case," means that the service of the notice of intention to apply for certiorari or review shall suspend execution of the judgment until the petition or application for the writ is filed in this court, and that, if the petition or application be filed within the time allowed under article 101 of the Constitution, the execution of the judgment shall remain suspended until the final judgment or order of this court. It would be an anomalous rule if it meant that the execution of the judgment should be suspended by the filing of the application in this court for a writ of certiorari or review within 30 days, but that the execution of the judgment should not be suspended by the filing in the Court of Appeal of the notice of intention to make the application to this court within the 30 days. That construction of the rule would entirely do away with the delay of 30 days allowed by the Constitution for making application to this court for a writ

of certiorari or review. For it would be utterly impossible for the applicant for the writs to procure from the clerk of the Court of Appeal the transcript or copies required by the statute for making the application to this court, before the clerk of the Court of Appeal could deliver a copy of the decree or mandate of that court to the successful litigant, or send the same to the lower court for execution.

The provisions of the law, that this court shall dispose of the case in the same manner as if it had been brought here directly by appeal, and that the litigant who is aggrieved by the judgment of the Court of Appeal shall have 30 days in which to make the application to have the case so disposed of, mean that the case must come from the Court of Appeal to this court in the same condition as if it had been brought here directly on appeal. If the defendant has, as in this case, obtained and perfected a suspensive appeal to the Court of Appeal, he is entitled to the suspension of execution of the judgment during the delay allowed him by the Constitution to exercise his right of review.

Act No. 16 of 1910, fixing the time within which judgments of the Court of Appeal shall become final unless an application be made for rehearing within that time, has no application to the question under consideration, because there can be no application for a writ of review to this court until a rehearing has been denied by the Court of Appeal. If the statute did conflict with article 101 of the Constitution, it would, to that extent, be inoperative.

The relator filed his application in this court for writs of certiorari and review on the 6th day of January, 1917, within the 30 days allowed by the Constitution.

The rule issued herein is made absolute, and it is ordered that the peremptory writ of prohibition issue as prayed for, at the cost of the appellee.