plying for writs of certiorari, mandamus, and prohibition (No. 22319, decided this day) 73 South. 847, ante, p. 739.

For the reasons assigned in that case, the rule issued herein is made absolute, and it is ordered that the peremptory writ of prohibition issue herein as prayed for, at the cost of the appellee.

---

(73 South. 849)

No. 22322.

CONNER v. SOUTHERN PUB. CO., Inc.

In re SOUTHERN PUB. CO., Inc.

(Jan. 15, 1917.)

Action by J. H. Conner against the Southern Publishing Company, Incorporated. Judgment in the First city court of the city of New Orleans for plaintiff, on defendant's appeal to the Court of Appeal, was affirmed, and from an order directing the clerk to deliver a copy of the mandate or decree to plaintiff to be filed in the First city court for execution, defendant petitions for writs of certiorari, mandamus, and prohibition. Rule issued herein made absolute, and peremptory writ of mandamus ordered to issue.

Delvaille H. Theard, of New Orleans, for applicant.

O'NIELL, J. The pleadings and facts in this case are identically the same as in the case of Joseph E. Salittes v. Southern Publishing Co., Inc., In re Southern Publishing Co., Inc., applying for writs of certiorari, mandamus, and prohibition (No. 22319, decided this day) 73 South. 847, ante, p. 739.

For the reasons assigned in that case, the rule issued herein is made absolute, and it is ordered that the peremptory writ of prohibition issue herein as prayed for, at the cost of the appellee.

---

(73 South. 850)

No. 22323.

FUNDENBERG v. SOUTHERN PUB. CO., Inc.

In re SOUTHERN PUB. CO., Inc.

(Jan. 15, 1917.)

Action by E. A. Fundenberg against the Southern Publishing Company, Incorporated. Judgment in the First city court of the city of New Orleans for plaintiff, on defendant's appeal to Court of Appeal, was affirmed, and from an order directing the clerk to deliver a copy of the mandate or decree to plaintiff to be filed in the First city court for execution, defendant petitions for writs of certiorari, prohibition, and mandamus. Rule issued herein made absolute, and peremptory writ of mandamus ordered to issue.

Delvaille H. Theard, of New Orleans, for applicant.

O'NIELL, J. The pleadings and facts in this case are identically the same as in the case of Joseph E. Salittes v. Southern Publishing Co., Inc., In re Southern Publishing Co., Inc., applying for writs of certiorari, mandamus and prohibition (No. 22319, decided this day) 73 South. 847, ante, p. 739.

For the reasons assigned in that case, the rule issued herein is made absolute, and it is ordered that the peremptory writ of prohibition issue herein as prayed for, at the cost of the appellee.

---

(73 South. 850)

(No. 21220.)

JACKSON v. BRADY.

MOLIERE v. SAME.

(Jan. 15, 1917.)

*(Syllabus by the Court.)*

1. EVIDENCE &#9758;580—TESTIMONY IN CRIMINAL CASE—ADMISSIBILITY IN CIVIL ACTION—PARTIES.

Testimony taken in a criminal case is not admissible in a civil action against the defendant, not a party to the criminal proceedings.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2413; Dec. Dig. &#9758;580.]

2. MALICIOUS PROSECUTION &#9758;56—ARREST—AUTHORITY—BURDEN OF PROOF.

Where the arrest of the plaintiff, in an action to recover damages for an alleged malicious prosecution, was made upon the affidavit of one of the defendant's employés, the burden of proof was on the plaintiff to clearly show that such employé had express or implied authority from the defendant to have the plaintiff arrested.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. &#9758;56.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Actions by Joseph Jackson and by Joseph Moliere against Edwin P. Brady. Judgments for plaintiffs, and defendant appeals. Judgments reversed, and actions dismissed.