## JONES v. SCOTT. *

No. 5200.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

John G. Gibbs, of Natchitoches, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

TALIAFERRO, Judge.

On June 29, 1934, this court in case No. 4797, styled C. Rex Scott v. James W. Jones, Jr., 155 So. 491, rendered judgment against defendant for $194.18, with legal interest from judicial demand. An appeal in the case was prosecuted by the plaintiff from a judgment rejecting his demands. Rehearing was applied for, but denied on July 16, 1934. Application to the Supreme

*Rehearing denied April 30, 1936.

Court for a writ of review was refused on August 3d. A certified copy of the opinion and decree of this court was thereafter delivered to the clerk of court of Natchitoches parish wherein the case arose. It was filed on August 22d by that official, and on that day duly registered in the mortgage records of his office. The original record in the case was sent by express by the clerk of this court to defendant, at his request, on July 21, 1934, but was not delivered to the clerk of court of Natchitoches parish until April 2d thereafter. Presumably, it was in defendant's possession during the interim. Its whereabouts for the time is immaterial to a correct disposition of the issues now being considered.

The judgment remaining unsatisfied, plaintiff caused execution to issue thereon on February 25, 1935. The sheriff was therein commanded to make the full amount of the judgment, with 5 per cent. interest from June 9, 1933 (presumably the date of judicial demand in the case), plus $59.50 costs. He seized defendant's 1934 Chevrolet 4-door sedan, and on February 29th, delivered same into the possession of defendant as "custodian"; receipt therefor being indorsed on the fi. fa. and signed by the defendant personally. Thereafter, the car was advertised for sale. Defendant in execution (plaintiff in the present appeal) applied to his own court for a temporary, restraining order to arrest the sale of the car, and, notwithstanding that he was the judge of the district court of Natchitoches parish, he officially signed the restraining order against the sheriff and the seizing creditor, the effect of which was to stop the sale of his own property seized and advertised for sale to pay his own debt.

In the petition for the temporary restraining order, and ultimately for injunction, the legality of the writ of fi. fa. and the right to seize and sell the seized property are assailed in several respects; the first three points of attack being to the effect that the judgment of this court had not become executory when the writ issued, for the reasons: (1) That neither the original nor a certified copy of the judgment of this court in suit No. 4797 had been filed in the judicial records of Natchitoches parish; (2) that neither the original nor a certified copy of said judgment and decree had been filed or recorded in the minute records of said parish; and (3) that the record in said cause, and said judgment and decree, are now pending and remain legally in this Court of Appeal.

In the alternative, should it be held that said judgment was executory when execution issued, it is charged that the car cannot be legally advertised for sale, as no notice of seizure had been served on him.

Further, in the alternative, it is set up that said car is exempt from seizure and sale for debt because it "is an instrument and/or vehicle and/or machine used in his trade and profession (that of Judge of the Tenth District Court, composed of the Parishes of Red River and Natchitoches), and is necessary thereto in going to and from the designated points of your petitioner's courts."

Further, in the alternative, he alleges that said car may not be legally sold under said writ because he had paid all the court costs incurred in the original suit and had tendered to the defendant $211.60 in United States currency, being the amount of the judgment, principal and interest, which was refused. He sues for damages on account of the alleged illegal seizure and attempted sale of his property, consisting of attorney's fees, loss of time, and unnecessary expense in protecting his rights; and for annoyance, worry, and humiliation in connection therewith.

For trial of the case on its merits, plaintiff recused himself and appointed Hon. John B. Hill, judge of the Eleventh district court. Plaintiff's suit was dismissed, and his demands rejected. He has brought this appeal.

The statement of record facts in the beginning of this opinion is sufficient to disclose and establish the executory character of the judgment of this court upon which the execution, sought to be annulled, issued.

Act No. 190 of 1918 gives to any party to a suit in which a decree has been rendered by the Supreme Court or a Court of Appeal the right to demand a copy of such decree and to have it registered in the mortgage records of any parish of the state, "without regard to whether an application for a writ of certiorari or review, or for a rehearing, has or has not been made." Section 1. Registry thereof shall operate as a judicial mortgage and shall continue to have that effect unless the decree is set aside or modified by final judgment in the case. However, the act prohibits issuance of execution on the judgment until it is final. It was held in Salittes v. Southern Publishing Co., Inc., 140 La. 739, 73 So. 847, that the filing in a Court of Appeal of notice of intention to make application to

the Supreme Court for a writ of certiorari and review suspends execution of the judgment whose review is sought during the 30 days allowed for filing the application in the Supreme Court, and if such application is filed within the 30-day period, the effect of the judgment shall remain suspended until final judgment or order of the court. However, this ruling and the cited act have no real bearing upon the issues of the present case, as is clearly reflected from the statement of record facts, supra. The judgment was final when registered, and the case had passed entirely from our jurisdiction.

■ Act No. 233 of 1908 requires the clerks of the Courts of Appeal to furnish a copy of the opinion of those courts in each case, "to be filed with the original papers in the clerk's office in the parish where the suit originated." In the present case, the copy of the opinion and decree was filed and registered by the clerk of the court a quo in advance of receipt by him of the original record used by this court. This is immaterial, as the situation is well taken care of by the 1918 act. Plaintiff, having had the record in his possession for the time above mentioned, is not in a position to complain that it was not promptly delivered back to the clerk of his court after finality of judgment, even though, under different circumstances, the nonreturn of the record, with copy of judgment, should be held to be a condition precedent to its becoming executory. We do not intimate, however, that such is the law.

■ We know of no law, and have been referred to none, which requires a minute entry in a court of original jurisdiction of the action of a Court of Appeal in a case appealed therefrom. Judgments rendered on appeal "shall be sent back for their execution to the inferior court, and no mandate need be directed to the latter for that purpose." Code Practice, arts. 618 and 915. No other formality is required than this as a condition precedent to the right to have such a judgment executed.

■ There is no merit in the complaint that the car was advertised for sale without prior service of notice of seizure on plaintiff. He recognized the fact and legality of the seizure, and tacitly waived the formality of service of notice thereof on him by accepting the possession of the car from the sheriff as "custodian."

■ There is likewise no merit in the contention that the car is a "tool or instrument" necessary to the exercise of plaintiff's trade and profession by which he gains a living for himself and family. Code Practice, art. 644. The car is not necessary to the efficient discharge of his duties as district judge and he does not, to any extent, earn his salary because of the ownership of the car. This contention is probably abandoned, as it is not mentioned in plaintiff's brief.

■ Plaintiff has not proved that he made a tender to defendant of the full amount due him on the judgment sought to be executed. Defendant herein, at the time he appealed from the judgment in suit No. 4797, paid to the clerk of court all costs accrued to that date, being $59.50. On March 19, 1935, plaintiff, through his attorney, tendered to defendant the sum of $211.60 in full satisfaction of the judgment. At that time the judgment, principal, interest, and costs, amounted to over $270. The tender was refused because of its insufficiency. Defendant, having paid all the court costs, was entitled to demand repayment thereof to him just the same as he was entitled to demand and receive the principal and interest of the judgment. A tender, to be effective, must include principal, interest, and costs incurred to the date of tender. Louisiana Molasses Co. v. Le Sassier, 52 La.Ann. 2070, 2071, 2081, 28 So. 217; Allen v. Wills, 4 La.Ann. 97, 98; Briede v. Babst, 131 La. 159, 162, 59 So. 106.

It appears that the day before said tender was made, plaintiff paid to the clerk of court on the cost account $39.50, and was issued a receipt "in full of all costs" in the case. That official deducted $20 from the cost bills, but it is too plain to require comment that his action in this respect was wholly unauthorized and not binding on defendant, to whom repayment of all the costs was due. He did not even know the $39.50 had been left with the clerk when the $211.60 was tendered to him.

Appellee asks us to inflict the statutory penalty against appellant for prosecuting this appeal, denounced as frivolous. The appeal is not from a money judgment, and therefore the penalty cannot be imposed. Code Practice, art. 907; Succession of Lavergne et al., 129 La. 119, 55 So. 734.

The judgment appealed from is correct, and it is hereby affirmed, with costs.