**EDWARDS v. LOVELL et al.**

No. 6073.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1940.

On Rehearing June 10, 1940.

Rehearing Granted Feb. 7, 1940.

James I. Smith, of Winnfield, for appellant.

Eugene Beck, of Winnfield, for appellee.

HAMITER, Judge.

Willie Edwards seeks in this cause to prevent the sale of two of his farm animals that were seized in a foreclosure proceeding instituted by J. F. Lovell. After a regular trial, the court decreed that Lovell and the sheriff of Winn Parish, Louisiana, be forever enjoined from selling the stock.

Defendant Lovell appealed devolutively from the judgment.

No appearance whatever has been made in this court by appellant. Obviously, the appeal has been abandoned, and it will be dismissed.

Damages for a frivolous appeal are asked by appellee. They are not allowable, one reason being that the appeal is not from a moneyed judgment. Racoby v. People's Furniture Co., Inc., 175 La. 383, 143 So. 334; Succession of Lavergne, 129 La. 119, 55 So. 734.

The appeal is dismissed.

On Rehearing.

TALIAFERRO, Judge.

Plaintiff seeks to have decreed exempt from seizure and sale two head of work stock seized by the sheriff in a foreclosure proceeding instituted against him by the defendant. He provoked the issuance of a preliminary writ of injunction to arrest the proposed sale.

Defendant resists the suit on the sole ground that when the seizure of the stock was made, plaintiff was then the owner of two head of work stock in addition to those seized.

Trial on the merits resulted in a judgment decreeing the seized stock exempt from seizure and sale "as a part of plaintiff's homestead", and perpetuating the preliminary injunction. Defendant appealed.

Appellant has moved to dismiss the appeal on the ground that this court is without jurisdiction ratione materiae. This motion is based upon the admitted fact that the balance due on the mortgage note foreclosed upon is only $45 in principal. We think the motion, for the reasons hereinafter assigned, well founded.

Art. VII, Sec. 10, Paragraph 5 of the Constitution of 1921, confers appellate jurisdiction upon the Supreme Court in "all cases involving homestead exemptions irrespective of the amount involved, * * except that in cases involving only movable

property, the appeal shall lie to the court having jurisdiction of the amount or the value of the property involved."

Prior to the adoption of this exception, the Supreme Court was vested with appellate jurisdiction in all cases wherein homestead exemptions were claimed or asserted and this, too, without regard to amount, character, or value of the property involved.

Constitution of 1879, Art. 81, as amended by Act No. 125 of 1882; Constitutions of 1898 and 1913, Sec. 85.

■ But, as regards movable property, a distinct modification of the right of appeal in such cases was established by the above-quoted organic exception. Appeal in cases falling within this exception, it is clearly stated, "shall lie to the court having jurisdiction of the amount or the value of the property." The word "amount" refers to the sum claimed or for which sued.

The Courts of Appeal, with limited exceptions, have appellate jurisdiction only. That jurisdiction extends solely to cases, civil and probate, of which the District Courts of the state "have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred [$100.00] dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction." Art. VII, Sec. 29 of the Constitution of 1921.

■ As only $45 is involved in the present case, the Justice of the Peace Court of plaintiff's domicile had concurrent jurisdiction with the District Court of the subject matter herein. Art. VII, Sec. 48, of the Constitution of 1921.

There is no testimony whatever in the record fixing the value of the seized work stock. We are without right to assume that such value is in excess of $100. This would be necessary for us to take jurisdiction herein. In these circumstances, the amount involved must be considered as pivotal in determining whether we have or do not have jurisdiction of the appeal.

The facts in Batts v. Marthaville Mercantile Company, Ltd., 193 La. 1072–1075, 192 So. 721, 722, are very much similar to those of the present case. Therein the court said and held: "There is nothing in the record in this case to show the value of· the property which the plaintiff says was taken from him, except his demand for $99.99 damages for his loss of the property.

The case therefore is not within the appellate jurisdiction either of this court or of the Court of Appeal."

Therefore, we have no jurisdiction of this appeal, and it is accordingly dismissed at appellant's cost.