86 So.2d 223 (1956)
Marvin C. JOURDAN
v.
Eugene HUTTON.
No. 4175.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
*224 Ponder & Ponder, Amite, for appellant.
Mary B. Purser, Amite, for appellee.
LOTTINGER, Judge.
This is a suit by Marvin C. Jourdan to nullify and set aside a judgment by default entered against him. The defendant is Eugene Hutton, the petitioner in the original action. The Lower Court dismissed petitioner's action, and petitioner has appealed.
The facts show that on April 23, 1948, the defendant, Eugene Hutton, filed suit against petitioner, Marvin C. Jourdan, claiming damages in the sum of $500 for timber cut from a tract of land belonging to Eugene Hutton and others. Hearing was set for an injunction which was sought in the matter, however, as the timber had already been cut and an injunction would have been for nought, the trial of the matter was reassigned for a later date. The hearing on the injunction was set for Amite, in Tangipahoa Parish, both Tangipahoa and St. Helena Parishes being in the same judicial district. The record shows a minute entry on June 14, 1948, continuing the case for reassignment. The next minute entry in the matter was on December 15, 1952, showing an entry of a preliminary judgment by default. The default was confirmed on December 18, 1952. On October 30, 1953, the present suit was filed, wherein petitioner seeks to have the judgment by default annulled. Petitioner claims as his basis for nullity the facts as follows:
1st. That said judgment was obtained without proper legal citation in that petitioner was cited as M. C. Jordan whereas his correct name is Marvin C. Jourdan.
2nd. That a regular judgment by default was not taken against him because the matter was removed to the Parish of Tangipahoa, Louisiana, for hearing on exceptions filed in the matter and under date of June 14, 1948, this case was continued for reassignment, and that said case was never reassigned for trial, that the exceptions were never heard nor disposed of, and that petitioner was never notified of trial of the matter.
3rd. That the judgment in question was secured through fraud and improper practices, in that petitioner never did cut timber from the lands in question.
Of course all of the contentions of petitioner are based upon the provisions of Articles 606-7 of the Louisiana Code of Practice. As to the first contention of petitioner, i. e. that he was not legally cited, he evidently seeks to come under the fourth section of Article 606 which provides: "If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him." Mr. Jourdan admits that he was personally served by the Sheriff. No exception to the service was filed, and, as a matter of fact, Mr. Jourdan and his counsel, Mr. Ponder, appeared in open court when the continuance was granted. In addition a regular judgment by default was taken against him. The incorrect spelling of the name on the citation was a defect of form, and not of substance, and would not now justify a judgment of nullity. Defendant admits that he was personally cited by the Sheriff of St. Helena Parish, *225 and certainly the error complained of did not injure the petitioner.
As to the second contention of petitioner, Mr. Ponder, the attorney for petitioner claims that he drew up exceptions of no right or cause of action which he filed in the matter. Miss Purser, the attorney for defendant, claims that she has no knowledge that any exceptions were ever filed in the matter. The record and the minutes of court do not show that exceptions or answer were ever filed in the matter. As was decided by the Lower Court, we are unable to go beyond the record and hold that exceptions were filed, when there is no evidence whatever that exceptions were filed in the matter by petitioner. It appears that, at the time, the parties had agreed to hold the matter in status quo until determination of a companion suit which at the time was before an appellate court. It might well have been a fact that the defense counsel did prepare exceptions, but withheld filing them until rendition of the judgment by the appellate court. Be that as it may, we are unable to go beyond the record in reaching our decision, and as the record shows that no exceptions were filed, we must so hold.
As to petitioner's allegation that he was not notified of trial of the matter, we know of no law which requires notice to a defendant that a default judgment is about to be rendered against him. The only notice required, under the peculiar set of facts before us, was the proper citation of the defendant. By his failure to file any appearance in the matter, the petitioner was free to secure his judgment by default.
It appears that, although the record was transferred to Tangipahoa Parish for the hearing on the injunction, when said hearing was continued the record was transferred back to St. Helena Parish where both the preliminary default and the confirmation thereof were taken. There is some evidence in the record that counsel for petitioner was present in Court both when the default was taken and when it was confirmed. He does not recall same, however, and stated that if he was in Court he has no recollection whatsoever of same.
As to the petitioner's allegation that the original judgment was secured by fraud, we feel that he has failed to prove same. There is testimony in the record of the original suit to the effect that the petitioner did cut timber off the lands of defendant, and that the value of same was actually in excess of the sum of $500 which was the amount sued for and for which judgment was given. On this score, the Lower Court said: "Frankly, if the evidence had been before the court on the confirmation that was before the court on the trial, I do not believe I would have given a judgment for the full $500.00, but in absence of any fraud I don't see how I can upset the judgment on this account."
We feel that the petitioner was duly notified of the action pending against him, and we can find no cause for avoiding the judgment at this late date. Furthermore, defendant's counsel testified on trial that she had written petitioner several letters in an attempt to collect on said suit without the necessity of reducing same to judgment after the appellate court's decision. The facts, as a whole, indicate that petitioner was aware, or should have been aware, of what was going on, and we are unable to find any error in the judgment below
Defendant appellee in the instant case, has answered the appeal and prays for an affirmance of the judgment and for judgment for an additional sum of 10% of the amount of judgment as damages for a frivolous appeal. Assuming that the appeal is frivolous, without so deciding, nevertheless this is not an appeal from a moneyed judgment. It is only where a frivolous appeal is taken from a moneyed judgment that damages therefor are allowed. See Code of Practice Art. 907 and Price v. Florsheim, 174 La. 945, 142 So. 135; Racoby v. People's Furniture Co., *226 175 La. 383, 143 So. 334 and Jones v. Scott, La.App., 167 So. 117.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the petitioner.
Judgment affirmed.