LOTTINGER, Judge.
The learned tri.al judge ad hoc in this matter rendered written reasons, for judgment which we herewith set out in full:
“On May 8, 1951, a suit was filed by Mrs. Mollie Brumfield Fisher and her son, Freddie Fisher, against James L. Rollins and his wife, Dottie Brumfield Rollins, in which the plaintiffs sought the cancellation of a deed dated June 22, 1950, from them to the defendants on the grounds of fraud and alternatively, for lesion beyond moiety. In that suit the Federal Land Bank was impleaded as a party defendant, and the plaintiffs alleged that at 'the time of the confection'of a conventional mortgage from the-defendants to the Land Bank on August 4, 1950, the Land Bank was in possession of information indicating that the consideration set out in the deed of - June 22, 1950,- ‘was vile,’ and one segment of plaintiff’s prayer asked that the Land Bank mortgage be reformed so as to exclude the subject property from the effects- of the mortgage. Issue was , joined- in -that suit by answer filed on behalf -of the defendants, and 'an exception of -no cause or right of action was interposed by the Land Bank levelled at the proposition that at the time of the execution of the mortgage, the conveyance records showed that the defendants were the owners of the property and that the Bank was. entitled to rely upon the public .records. Minute entry of the court set forth the dismissal of the Bank as a party defendant. The case was then tried on the merits with the issues in controversy boiled down to two cardinal propositions, viz.: 1. Whether or not the sale of June 22, 1950, should be cancelled on either of the grounds alleged or 2. Should the *712 act of sale be reformed into a mort-r gage. In either case it was to be determined how much the plaintiffs were ■ actually indebtéd to the defendants', and whether or not the plaintiffs should be credited for the sum of $1,088 received by the defendants from an , insurance company under a policy covering a dwelling on the property destroyed by fire and the price of $1,500 received bythe defendants from Willie and Charles Branch for that part of the property known as the ‘Negro Quarters,’ and for the sum of $40 paid by .Freddie Fisher to the defendants. The •suit was vigorously.contested, the transcript consisting of 132 pages of testimony and numerous documents, and was submitted for decision on briefs.
. “In plaintiffs’ brief the following pertinent ■ statements were made: ‘Thereafter .the Federal Land Bank filed, an-exception of no cause or right of action and which was tried and by the trial court sustained -and- as to them the plaintiffs’ petition dismissed,’ the further statement, ‘Of course, the question of the interests of third parties must be. considered, but if the plaintiffs are entitled to any-relief at all, whatever relief they are entitled to is subordinate to the rights of the Federal Land Bank-for-their mortgage.’ Further the brief states, ‘In the event the “Coffee Pot” deed is- cancelled, or in the event it is reformed to a mortgage the Federal Land Bank has a valid first mortgage on the property unless and -until the- appellate court reverses the court below who sustained their exception.’ With respect to the amount owed defendants by plaintiffs the following statements appear,- ‘The sum of $314.04 had been tendered to Rollins in the original suit,’: and ‘In this connection it is again significant to note that - tender of all amounts due the Rollins was made in open court.’
“Judgment in the .first suit was rendered on June 24, 1952, setting aside and cancelling the sale of June 22, 1950, and recognizing the plaintiffs to be the owners of the property, and ordering the plaintiffs to pay to the defendants the sum of $314.04, being the excess of the indebtedness owed defendants over the credits to which plaintiffs were entitled by virtue of the insurance proceeds, the consideration of the sale to Willie Earliest Branch, and $40.00 cash received by defendants during the time defendants asserted title to the property. Also the judgment noted parenthetically that the suit against the Federal Land Bank had been dismissed on exceptions.
“On -October 13, 1954, a writ of fieri facias was obtained and the Sheriff seized the subject property and it was advertised for judicial sale to satisfy the judgment of $314.04 against the plaintiffs. On "November 2, 1954, plaintiffs filed the present suit for a rule to show cause,.that upon depositing the sum of $314.04 into the registry of the court, why the said sum should not be applied to the extinguishment of the Land Bank mortgage and that upon the payment of said sum 'the mortgage should be cancelled as to plaintiffs’ property, and in the event.plaintiffs wer.e entitled to none of this relief, that the payment be deferred until such time ás it would be ample to discharge the mortgage and'pending such time the escrow be returned to plaintiffs. The Sheriff proceeded" with the advertisement. On -November. 29, 1954, a supplemental and amended petition ■was filed in -which plaintiffs- sought to enjoin the Sheriff- and the defendants, from proceeding with the judicial sale of the property, making reference to-the fact that defendants had filed exceptions to the suit of November 2, 1954, and had not otherwise" appeared. The rule was set down to be heard on December 3, 1954, but from the record there does not appear to have been any hearing pr action on same. Finally, on December 3, 1954, with the Sheriff’s sale set for December 4, 1954, plaintiffs were able to accomplish their purpose and effectively blocked the sale *713 by dbtaining ' an ' order decreeing ' 'á temporary restraining order without a hearing against the Sheriff and defendants upon furnishing bond in the sum of $100.00; This order was , signed by the outgoing Judge of. Division ‘A’ despite the fact thatap order for. ¡a. rule to, show cause had been signed on the same petition . on, November 29, 1954, fixed to be heard ,on December 3, 1954, by the Judge, of Division ‘B.’t ■
“The defendants (Fish'ér's) and the Land Bank as above set out interposed pleas of res'juflicata and exceptions of no cause or .right of action to plaintiffs’ suit of November 2, 1954, and these ■pleas and exceptions were argued before the court by agreement of counsel at Hammond, Louisiana,¡on December 10, 1954, and submitted for decision on briefs to be filed by the parties.
“Since the institution of this suit one of the plaintiffs, Mrs. Mollie Brumfield Fisher,’has departed this life and C. Paul Phelps, attorney of record for plaintiffs, has been substituted as party plaintiff in his official capacity as the testamentary executor of the estate.
“On the one' hand, among other claims, defendants, henceforth . to in- ■ elude both the Rollins and the Federal Land " Bank, assert that the pleas of res judicata should-be sustained ■ for ■ the reasons the parties,- the issues, -the causes- of action, claims and demands made are identical in both suits, and that all ■ of the issues, claims and demands between the parties alleged upon in this suit were disposed of by the judgment in the first suit rendered on June 24, 1952, and from which judgment no appeal has been taken by any of the parties before the court.
“On the other hand, plaintiffs vigorously contended that while the parties are the same, the demands do not coincide mainly to the extent that in the first suit the Land Bank’s mortgage was sought to be reformed to exclude the subject property and here it is sought to be cancelled by virtue of the provisions of’ Section 3 of 3411, LáA-C.G'. 'which'-article lists the loss of the mortgagor’s’ interest as one method of the extinguishment of a mortgage. Plaintiffs further advance the ra’thdr hovel idea, despite statements contradictory to this position in their brief 'in the' first suit’, that the judgment in the’first suit did not effectively dismiss the Land Bank on exceptions, since there was only a- parenthetical reference in- the preamble of the judgment to a previous dismissal by , way of a minute entry, and,,.there-fpre, plaintiffs, coijld not appeal where there was no final -.judgment as to the Land Bank. In the alternative, it is urge.d that, if there was such'a judgment dismissing the Land Bank, a judgment of dismissal based on exceptions of no cause, or right of action cannot be pleaded in bar - of a future suit, quoting numerous cases alluding to dismissals on . exceptions for lack of sufficient allegations.
 “Now, to determine under the provisions , 'of .Art. ■ 2286 LSA-C.C. whether the present suit is barred by the judgment of June 24, -1952, in the first suit. The. parties afe conceded to be the same. Adverting to.the demands in the two suits, in the first suit plaintiffs sought the reformation of the Land Bank mortgage so. as to exclude the subject property — in. the second suit they sought the cancellation of the mortgage. The sanre-.,re-sult would be accomplished either, by .a reformation or a cancellation. t In either case the result would be the elimination of tlje , Land Bank , .mortgage as it affects, the subject property, which in our opinion, has been precluded by the finality of the first judgment from'which no appeal has been taken. This position is eloquently supported by the argument propounded in plaintiffs’ brief in the first suit as hereinabove referred to. Section 3 of Article 3411, LSA-C.C. does not alter to any degree whatsoever the sameness of the issues, causes of action and de- *714 manas in the two suits. Whatever .the effect of this codal provision, it is the same now as it was when the .judgment in the first suit was,rendered. Needless to state'countless cases universally hold that a third person, in this case the Land Bank, may rely upon those things revealed by the public records, .provided such reliance is in good faith. .
 "The contention that there has been no final judgment rendered in the first suit dismissing the suit against the Land Bank is without merit. There was a trial' on the merits and an exceptionally voluminous record was built up; there is a court minute entry noting the dismissal, and the judgment, while recorded in its preamble, expressly states that the Land Bank has been dismissed on exceptions. Looking at this facet of the case in the most favorable light to plaintiffs, if this portion of the judgment fails to meet the test of a final decree, then the judgment was silent on that part of plaintiffs’ original petition and prayer seeking relief against the Land Bank. Therefore, it becomes crystal clear that under the authority oí Edenborn v. Blacksher, 148 La. 296, 86 So. 817 and the cases cited therein that the' silence of a judgment upon any part of the demand that might be allowed under the pleadings is a rejection of that part of the demand and as stated in the Edenborn case ‘and such tacit rejection has the force and effect of res judicata against the subsequent suit for that part of the demand.’
“The laws with respect to imputation of payment are not' here 'involved .for the plain reason that w'e are concerned only with one debt and that is the. sum of .$314.04 as set out in the; original judgment. ,.
“The parties, the causes of action upon which the deihands are based, thé things demanded being' identical in both suits with some variation of phraseology, the pleas of res judicata will be sustained, ' and, accordingly, plaintiffs’ suit with C. Paul Phelps as substituted party plaintiff for Mrs. Mollie Brumfield 'Fisher,' will be dismissed at plaintiffs’ .costs.
“Submitted on this' 28th day of March, 1955, át Hammond, Louisiana.
/s/ Ben N. Tucker
Judge ad Hoc”
A careful review of the record convinces us that the judgment appealed from is eminently correct and we, therefore, adopt the above opinion as our own. ‘
Defendants and Appellees in the instant case have answered the appeal and pray for an affirmance of the judgment and for judgment for an additional sum of 10% of the amount' of judgment as damages for a frivolous appeal. It is' to be remembered that the judgment' appealed from is one sustaining an exception of res judicata. Assuming that the appeal is frivolous, without so. deciding, nevertheless this is not an appeal from a moneyed judgment. It is only where a frivolous appeal is taken from a moneyed judgment that damages therefor are .allowed. See Code .of Practice, Article 907, and Price v. Florsheim, 174 La. 945, 142 So. 135; Racoby v. People’s Furniture Co., 175 La. 383, 143 So. 334; Jones v. Scott, La.App., 167 So. 117 and Jourdan v. Hutton, La.App., 86 So.2d 223.
For the reason's' assigned, the judgment appealed from is affirmed.
Judgment affirmed.